UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                                  Chapter 11

WILLOUGHBY EQUITIES, LLC,                                        Case No.: 24-44217-jmm

                                            Debtor.
---------------------------------------------------------------X

**SUPPLEMENTAL OBJECTION OF DEBTOR TO APPROVAL OF
<u>AMENDED DISCLOSURE STATEMENT FILED BY TWIST REALTY LLC</u>**

Willoughby Equities, LLC, the debtor herein (the "Debtor"), interposes this supplemental objection (the "Supp. Objection") to approval of the Amended Disclosure Statement (the "ADS") filed by Twist Realty LLC ("Twist")[ECF # 48] filed in conjunction with Twist's proposed amended plan of liquidation (the "AP"). The Supp. Objection incorporates the Initial Objection filed by the Debtor [ECF #44]. In support of the Supp. Objection, Debtor states as follows:

**BASES FOR THE SUPPLEMENTAL OBJECTION**

1.  The ADS should not be approved for four independent reasons: a) Twist, the Plan Proponent, has refused to disclose the identity of its members, a critical piece of information that creditors should consider when voting on the AP; b) no notice of either the DS or ADS was provided to a party claiming a trust in the subject real property; c) neither creditors nor parties-in-interest received notice of the ADS, as required by Bankruptcy Rule 2002 and 3017; and d) the Bar Date to file claims has yet to pass, making it impossible to provide meaningful notice of the ADS to known creditors.

**A. Twist is Required to Disclose its Members.**

2.  Bankruptcy Rule 3016(a) requires a plan proponent to disclose the name of the entity filing the plan. On April 16. 2025, at the initial hearing on the DS, Twist's counsel made numerous representations regarding the role of Cheskiel Strulovich in the Debtor's operations.

3.      In response, and consistent with Bankruptcy Rule 3016(a), Debtor served Twist with a subpoena seeking the identity of Twist's members and related information. This information would certainly be discoverable under Bankruptcy Rules 2004 or 7034.

4.      Twist has refused to disclose any of this information and, in response, filed a Motion to Quash [ECF # 54] the subpoena. The Motion to Quash raises more questions than answers: while the managing member of Twist claims that Mr. Strulovich is not a member of Twist (Motion to Quash, Ex. D), neither the Court nor the Debtor should be compelled to take him at his word and Twist should be required to turnover a list of their members and investors to insure that AP is offered in good faith.

### B. Twist Failed to Provide Notice of the ADS to a Party-in-Interest

5.      This argument dovetails into Debtor's next contention: Twist failed to provide notice of either the DS or the ADS to the plaintiffs (the "DCA Plaintiffs") in a District Court Action ("DCA"), seeking a constructive trust of Debtor's real property, based on Strulovich's conduct. *See* Motion to Quash, Ex. C (20-cv-07270)(NRB).

6.      Counsel to Twist raised Strulovich's involvement in the Debtor at the hearing on the DS on April 16 and is attached to the Motion to Quash, but Twist never served the DCA Plaintiffs with notice of either the DS or ADS. Indeed, even after Twist filed the ADS, more than four weeks ago, they still have not provided notice to the DCA Plaintiffs of the existence of Debtor's bankruptcy proceeding or the pending ADS. This failure to provide notice of the ADS to a known party-in-interest violates the Bankruptcy Rules. *See* Bankruptcy Rule 3017(a)(1)(A)(notice to creditors and parties-in-interest of disclosure statement hearing required). The ADS cannot be approved for this additional reason.

### C. The ADS was not Served on any Party in Violation of Bankruptcy Rule 3017.

7. Twist not only failed to serve the DS or ADS on the DCA Plaintiffs, Twist failed to serve the ADS *on any party.* Although certain creditors received the DS, Twist was required to serve the ADS and AP on all creditors and parties-in-interest, consistent with Bankruptcy Rules 2002(b) and 3017(a)[1]. Due process requires that the ADS not be approved for this additional reason.

### D. The ADS Cannot Contain Adequate Information because the Bar Date has Yet to Pass.

8. Finally, the last date to file claims (the "Bar Date") will not occur until May 23rd. Because of this, as Twist admits in the DS: "[m]any of the Classes [set forth in the Plan] will need to be amended…." DS, p.5, fn 2 [ECF # 33] That problem is not solved by the ADS.

9. In a chart included in the ADS, Twist lists the "Approximate Percentage Recovery" for each Impaired Class, as well as the "Approximate Dollar Amount" of Claims in Class 6 and 7 as "Unknown". *Id.*, p.6. In a footnote to the Chart (fn 3), Twist makes it clear that it "makes no representation as to the certainty of the approximated amounts, which may be higher or lower."

10. As set forth in the Initial Objection, since a plan cannot be confirmed until the universe of creditors is known, it is not currently possible for Twist to meet its burden of satisfying either §1125 or §1129. Therefore, the ADS should either be adjourned or denied outright for this additional reason.

---

[1] The "mark-up" between the DS and ADS reflects that the revisions between the two documents are substantial and material. *See* ECF # 48, Exs. 4 & 5.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the Initial Objection, it is respectfully requested that the Court: a) not approve the Amended Disclosure Statement; b) such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       May 14, 2025

**WILK AUSLANDER LLP**  
*Counsel for the Debtor*

By: /s/ Eric J. Snyder  
    Eric J. Snyder, Esq.  
825 Eighth Avenue, 29th Floor  
New York, New York 10019  
(212) 981-2300