**Rosen, Tsionis & Pizzo, PLLC**                                                     **Hearing Date: May 19, 2025**
38 New Street                                                                                 **Hearing Time: 11:30 a.m.**
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

*Attorneys for Twist Realty LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                                           Chapter 11

        WILLOUGHBY EQUITIES LLC,                 Case No.: 24-44217-jmm

                                          Debtor.
-------------------------------------------------------------X

**REPLY TO DEBTOR'S SUPPLEMENTAL OBJECTION TO APPROVAL
OF AMENDED DISCLOSURE STATEMENT FILED BY TWIST REALTY LLC**

**TO:    THE HONORABLE JIL MAZER-MARINO
        UNITED STATES BANKRUPTCY JUDGE**

        Twist Realty LLC ("Twist"), a secured creditor and party in interest in the above-captioned Chapter 11 case, by its attorneys, Rosen, Tsionis & Pizzo, PLLC, submits this reply to the Supplemental Objection [ECF No. 56] (the "Objection") of Willoughby Equities LLC (the "Debtor") to Twist's Amended Disclosure Statement [ECF No. 48], and respectfully represents as follows:

        1.       In the midst of a now failed mediation, the Debtor has filed a series of nonsensical pleadings in an attempt to distract this Court from its multiple breaches of its obligations as a debtor in possession and to attempt to delay the approval of Twist's Amended Disclosure Statement.

        2.       After having neglected to even attempt to extend its exclusive time period to propose its own plan and disclosure statement, and despite this Court having given it at least two extensions to file its own plan and disclosure statement, nothing has been done. Instead, the Debtor

misstates well-established law in an obvious attempt to further delay this case, while interest accrues, violations mount, and the threat of demolition of the building on the Property[1] hangs over Twist's collateral like the Sword of Damocles. Moreover, the Debtor's pleadings are a blatant effort to increase the administrative costs that Twist, as the plan proponent, will have to pay when it confirms its plan. Twist reserves its rights in that regard.

3.  In the same sentence that the Debtor asserts that a disclosure statement must identify the identity of the plan proponent, which the Amended Disclosure Statement clearly does, the Debtor then takes the quantum leap to assert that a plan proponent must disclose every single member in its corporate or LLC entity. That is not a requirement under the law, and the Debtor cites no authority for that premise. The Debtor's subpoena directed at Twist, which is subject to a timely motion to quash [ECF No. 54], asserts no reason why any of this information matters. The ONLY reason to seek this information is to intimidate and harass Twist's members.

4.  The Objection then asserts that the Amended Disclosure Statement is deficient because Twist did not serve it on a creditor that the Debtor's principal was fully aware of and intentionally did not disclose it in the Debtor's schedules. This is despite the fact that the Debtor has still not amended its schedules to include that creditor. The chutzpah inherent in that argument should not be countenanced by this Court. A review of what actually transpired will show just how duplicitous the Debtor is in this regard.

5.  In performing the required due diligence for filing a disclosure statement, Twist performed a litigation search on the Debtor and discovered that the Debtor was a defendant in a federal RICO/fraudulent conveyance case brought in the Southern District of New York.[2] A copy of the third amended complaint is annexed as **Exhibit "A"**, and it sought to set aside the

---

[1] The Property's address is 599 Willoughby Avenue, Brooklyn, New York 11206 (the "Property").
[2] *See Feldman et al v. Strulovitch et al.*, Case No. 1:20-cv-07270-NRB, pending in the Southern District of New York.

conveyance to the Debtor of the Property from an entity controlled by Yechezkel Strulovitch ("Strulovitch") [¶¶ 205 to 207].

6.      On or about January 16, 2023, the Debtor's principal, Abraham Lowenstein ("Lowenstein"), appeared, *pro se*, in the federal district court action and signed off on the Arbitration Stipulation to arbitrate the claims in that action in an arbitration in Israel (the "Arbitration"). Copies of the correspondence and signed arbitration agreement are annexed hereto as **Exhibit "B"**. Annexed hereto as **Exhibit "C"** is a copy of the order in that case staying it, pending a resolution of the Arbitration. There have been no further entries on that docket since December 16, 2024. As a result, that action and the Arbitration were still pending as of the filing of this case and are still open matters.

7.      Despite that fact, the federal district court action and the Arbitration were not listed as pending actions or as creditors in the Debtor's bankruptcy case, nor was any notice given to the federal district court or the parties to that action of the filing of this bankruptcy case. To make matters worse, ever since Twist's counsel disclosed these facts at the last hearing in this case, in open court, the Debtor's counsel still has not taken any steps to amend its bankruptcy schedules to provide these creditors with notice of the bankruptcy case. The evidence leads to one of two inescapable conclusions—either this was an intentional omission of a major creditor, designed to keep them in the dark about this bankruptcy case and the disposition of the Property, or Strulivich was and is an undisclosed principal in the Debtor and was attempting to keep his multiple creditors in the dark.

8.      A review of the deed into the Debtor, annexed hereto as **Exhibit "D"**, shows that this was a no-consideration transfer into the Debtor, and the deed and transfer documents were

*both* signed by Lowenstein as the grantor and the grantee. This is despite the fact that the Debtor has repeatedly asserted that it was a *bona fide* purchaser for value. Both assertions are false.

9.    The Debtor's failure to list this pending action and its associated creditors constitutes a breach of the Debtor's fiduciary duty to provide accurate schedules, undermining the integrity of the bankruptcy process. The Debtor now seeks to shift its obligation to file truthful and accurate schedules onto Twist (the plan proponent), claiming that the creditors they intentionally failed to give notice to were entitled to notice. In point of fact, the undersigned, realizing that that action was now part of the Arbitration taking place in Isreal, reached out to Melissa Pena, Esq., who had handled the bankruptcy matters related to that Arbitration and fully advised her of what was going on. She advised she would pass on the information. Since no one chose to appear in this action, they were not added to the service list. They have since been provided with all of the Amended Disclosure Statement documents and the Bar Date Order.

10.    The last point raised by the Debtor is that the Amended Disclosure Statement cannot be approved yet because the Bar Date has not yet passed. However, the case cited by the Debtor stands for the proposition that a case cannot be **confirmed** before the bar date passes. That statement is true, but the former is not. That is especially accurate in this case, where there is a carve-out pot plan for unsecured creditors. The confirmation hearing will be well after the Bar Date, and Twist will be happy to file a plan supplement well prior to the voting deadline so that unsecured creditors will know the exact distribution they will receive.

11.    It is extremely troubling that the Debtor and its counsel continue to attempt to delay these proceedings in light of the condition of the Property.

12.    As noted in the filed Amended Disclosure Statement and in the public records, the building is a defunct church in an extreme state of disrepair. Annexed as **Exhibit "E"** is a copy of

the Judicial Decree directing that the building be either safeguarded or torn down. That decision is from **May 9, 2023**. Since that time, and from well before it, it appears that the Debtor has ignored numerous issues at the Property. The Property has accumulated thousands of dollars in ECB violations, other penalties, and fines for the Debtor's abject failure to file RPIE reports and obtain boiler inspections. This alone constitutes gross mismanagement of the estate, both pre- and post-petition.

13. The Court may recall that the Debtor's counsel announced in open court at the last hearing that demolition of the building by the NYC DOB (or HPD) is imminent. Twist has not been able to get further information as to the particulars. However, the DOB, after the Debtor refused to act, had a fence installed to prevent people from being able to access the building and will be asserting an emergency repair lien for that work.

14. It has become clear to Twist that Lowenstein (the Debtor's principal) is blatantly breaching its fiduciary duty to *preserve* the Property for the benefit of the Debtor's creditors and is using the threat of its destruction as leverage to extort a settlement from Twist. This is borne out by the fact that the Debtor has not yet filed a plan and disclosure statement, nor has its retained broker taken any visible steps to market the Property. Meanwhile, Twist, without any marketing whatsoever, already has two potential stalking horse purchasers ready to enter into sale contracts. It is time for the Debtor's gamesmanship to stop.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, Twist respectfully requests that the Court enter an order: (i) overruling the Debtor's Objection; (ii) approving the Amended Disclosure Statement and setting a confirmation hearing date for Twist's Amended Plan [ECF No. 47]; together with (iii) such other and further relief as this Court deems just, proper and equitable.

Dated: May 15, 2025　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　Huntington, New York

　　　　　　　　　　　　　　　　　　　　　　　　　**Rosen, Tsionis & Pizzo, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Twist Realty LLC*

　　　　　　　　　　　　　　　　　　　　By:　　<u>*/s/Avrum J. Rosen*</u>
　　　　　　　　　　　　　　　　　　　　　　　　Avrum J. Rosen, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Alex Tsionis, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　38 New Street
　　　　　　　　　　　　　　　　　　　　　　　　Huntington, New York 11743
　　　　　　　　　　　　　　　　　　　　　　　　(631) 423 8527
　　　　　　　　　　　　　　　　　　　　　　　　arosen@ajrlawny.com
　　　　　　　　　　　　　　　　　　　　　　　　atsionis@ajrlawny.com