RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                           :
                                                 :   Chapter 11
WILLOUGHBY EQUITIES LLC,                          :
                                                 :   Case No.: 24-44217-jmm
                          Debtor.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF FEE APPLICATION OF PAUL RUBIN, AS MEDIATOR

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the annexed fee application (the "Fee Application") of Paul Rubin, as mediator ("Applicant"), for allowance of compensation for professional services provided in the amount of $4,812.50 and reimbursement of actual and necessary expenses in the amount of $14.70 that Applicant incurred for the period from April 1, 2025 through May 14, 2025 (the "Fee Period") will be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3529 on **June 25, 2025 at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Fee Application  must be in writing and filed with the Court in accordance with the Local Rules, and served upon Applicant so as to be received no later than **June 18, 2025** (the "Objection Deadline"). If no objections are timely filed and served by the Objection Deadline, the Application may be granted by the Court without a hearing.

**Effective September 5, 2024**

Except as set forth below, parties may appear in person, by phone, or by videoconference for hearings to be heard by Judge Mazer-Marino.

Exceptions**:**

1.      Trials and Evidentiary Hearings will be conducted exclusively in-person.

2.      The Chapter 13 confirmation calendars will be conducted exclusively by phone and videoconference.

3.      The loss mitigation calendars will be conducted exclusively by phone and videoconference.

4.      The general public, including the press, must appear in person.

Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys.  The general public, including the press, are not required or permitted to register for hearings through eCourt Appearances. The eCourt Appearances platform is for use exclusively by parties and their professionals.

CM/ECF accounts are not necessary for eCourt Appearances.  Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF.  To register for eCourt Appearances and for more information on eCourt Appearances, including a tutorial, visit        https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

Once registered, eCourt Appearances will email the telephone number, video link, and courtroom address for your hearing.  You may register for hearings weeks in advance, but the telephone number and video link will not be sent to you until 48 hours before the hearing

date.  Those registering with eCourt Appearances for hearings less than 48 hours in advance should allow up to 15 minutes after registration to receive the email with the hearing information.  SHARING VIDEO LINKS OR DIAL-IN NUMBERS WITH THOSE WHO HAVE NOT REGISTERED WITH eCOURT APPREARANCES IS PROHIBITTED.  THE COURT WILL TERMINATE THE VIDEO AND AUDIO CONNECTION OF THOSE WHO JOIN A HEARING WITHOUT PRIOR REGISTRATION WITH eCOURT APPEARANCES.

Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing.  Your email must include your name, the case number, who you represent (if you are an attorney), hearing date, and phone number.

Dated: New York, New York
      May 22, 2025

                RUBIN LLC

                By:  _/s/ Paul A. Rubin_
                    Paul A. Rubin
                    Hanh V. Huynh
                11 Broadway, Suite 715
                New York, New York 10004
                Tel: 212.390.8054
                prubin@rubinlawllc.com
                hhuynh@rubinlawllc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                      :
                                                            :    Chapter 11
WILLOUGHBY EQUITIES LLC,                                     :
                                                            :    Case No.:  24-44217-jmm
                         Debtor.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SUMMARY COVER SHEET TO THE FEE
## APPLICATION OF PAUL RUBIN, AS MEDIATOR

In accordance with the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") and the *Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Case* (the "Fee Guidelines"), Paul Rubin, as mediator ("Applicant"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which this Summary is attached (the "Fee Application")[1] for the period from April 1, 2025 through May 14, 2025 (the "Fee Period").

Applicant submits the Fee Application in accordance with the *Stipulation and Mediation Order* entered on April 10, 2025 (the "Mediation Stipulation") [ECF No. 45].

### *General Information*

| | |
|---|---|
| Name of Applicant: | Paul Rubin, as mediator |
| Authorized to Provide Services to: | Willoughby Equities LLC and Twist Realty LLC |
| Petition Date: | October 10, 2024 |
| Date of Mediation Stipulation: | April 10, 2025 |

### *Summary of Fees and Expenses Sought in the Fee Application*

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | April 1, 2025 through May 14, 2025 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | N/A |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $4,812.50 |

---

[1] Capitalized terms not defined in this Summary shall have the meaning ascribed to them in the Fee Application.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: $14.70

Total Compensation and Expense Reimbursement Requested for the Fee Period: $4,827.20

### *Summary of Past Requests for Compensation and Prior Payments*

Total Amount of Compensation Previously Requested: N/A

Total Amount of Expense Reimbursement Previously Requested: N/A

Total Compensation Previously Approved: N/A

Total Amount of Expense Reimbursement Previously Approved: N/A

Total Allowed Compensation Paid to Date: $0

Total Allowed Expenses Paid to Date: $0

### *Billing Information By Professional*

Paul A. Rubin

Bar Admission: 1992
Billing Rate: $550/hour
Total Hours Billed: 8.8 hours
Total Amount Billed: $4,812.50

Dated: New York, New York
      May 22, 2025

RUBIN LLC

By:    */s/ Paul A. Rubin*
      Paul A. Rubin
      Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

R<span>UBIN</span> LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| WILLOUGHBY EQUITIES LLC, | : |
| | : Case No.: 24-44217-jmm |
| Debtor. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## FEE APPLICATION OF PAUL RUBIN, AS MEDIATOR

Paul Rubin, as mediator ("Applicant"), hereby submits this fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $4,812.50 and reimbursement of actual and necessary expenses in the amount of $14.70, representing the above-captioned debtor's 50% share of the total fees and expenses of Applicant in this matter, that Applicant incurred for the period from April 1, 2025 through May 14, 2025 (the "Fee Period"). In support of this Fee Application, Applicant submits the declaration of Paul A. Rubin (the "Rubin Declaration"), which is annexed hereto as Exhibit B and incorporated herein by reference. In further support of this Fee Application, Applicant respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), and the *Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Case* (the "Fee Guidelines").

### APPLICANT'S RETENTION

4.      On March 10, 2025, the Court entered an order (the "Mediation Order") [ECF No. 38] referring the disputes between Willoughby Equities LLC (the "Debtor") and Twist Realty LLC (the "Secured Creditor") to mediation.  The Mediation Order provided that the fees and expenses of the mediator selected by the parties would be paid only upon application to and approval of the Court.

5.      On April 10, 2025, the Court entered the *Stipulation and Mediation Order* (the "Mediation Stipulation") [ECF No. 45] appointing Applicant as mediator to assist in the mediation (the "Mediation") of the disputes the Debtor and the Secured Creditor.  A copy of the Mediation Stipulation is annexed hereto as Exhibit C and incorporated by reference.

6.      The Mediation Stipulation authorizes the Debtor to compensate and reimburse Applicant in accordance with the terms set forth therein, upon the filing of a fee application.  The Mediation Stipulation provides that Applicant shall be compensated at the rate of $550 per hour, and each of (i) the Debtor and (ii) the Secured Creditor is responsible for paying one half of the fees and expenses incurred by Applicant in the Mediation.

7.      On May 14, 2025, following the conclusion of the Mediation, Applicant filed the *Mediator's Report* [ECF No. 57].

8.     The time records in the billing statement annexed hereto as Exhibit D provide extensive details of the work performed by Applicant in connection with the Mediation. As the time records show, among other things, Applicant performed the following services:

- Conferred with counsel for each of the Debtor and the Secured Creditor in advance of the mediation session that was held on April 28, 2025 (the "Mediation Session");

- Reviewed bankruptcy and state court pleadings and documents to understand the background of the disputes between the parties and the position of each of the parties prior to the Mediation Session;

- Participated in the over-six hour Mediation Session; and

- Conferred extensively with counsel on a post-Mediation Session basis to attempt to work with parties' toward a settlement.

9.     Applicant spent a total of 17.5 hours and charged a total of $9,625.00 in fees for services provided in connection with the Mediation, and incurred a total of $29.40 in expenses. Pursuant to the Mediation Stipulation, this Fee Application seeks only approval and payment of 50% of the fees and expenses from the Debtor.

10.     Applicant's hourly rate of $550 is set at a level designed to compensate Applicant fairly, and the hourly rate charged for the Mediation is the same as the hourly rate charged by Applicant for other matters, including restructuring and similar litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Moreover, Applicant's hourly rate was expressly approved in the Mediation Stipulation.

11.     Applicant is not seeking compensation for time incurred in preparing this Fee Application.

12.     No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, Applicant respectfully requests that this Court enter an order (a) awarding Applicant compensation for professional services provided during the Fee Period in the amount of $4,812.50, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $14.70; (b) authorizing and directing the Debtor to remit payment to Applicant for such fees and expenses; and (c) granting such other relief as may be just and proper.

Dated: New York, New York
      May 22, 2025

                    RUBIN LLC

                    By: _____*/s/ Paul A. Rubin*_____
                        Paul A. Rubin
                        Hanh V. Huynh
                    11 Broadway, Suite 715
                    New York, New York 10004
                    Tel: 212.390.8054
                    prubin@rubinlawllc.com
                    hhuynh@rubinlawllc.com

# EXHIBIT A
# (PROPOSED ORDER)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                    :
                                                          :    Chapter 11
WILLOUGHBY EQUITIES LLC,                                   :
                                                          :    Case No.:  24-44217-jmm
                           Debtor.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>FEE APPLICATION OF PAUL RUBIN, AS MEDIATOR</u>

Upon consideration of the *Fee Application of Paul Rubin, as Mediator* (the "<u>Fee</u> <u>Application</u>");[1] and a hearing having been held before this court to consider the Fee Application on June 25, 2025 and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2); and sufficient cause having been shown therefor; it is hereby

ORDERED that the Fee Application is granted to the extent set forth herein; and it is further

ORDERED that Applicant is awarded compensation for professional services provided during the Fee Period in the amount of $4,812.50, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $14.70; and it is further

ORDERED that the Debtor shall pay Applicant fees in the amount of $4,812.50 and expenses in the amount of $14.70.

---

[1] Capitalized terms not defined this Order shall have the meaning ascribed to them in the Fee Application.

# EXHIBIT B
## (RUBIN DECLARATION)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                              :
                                                    :    Chapter 11
WILLOUGHBY EQUITIES LLC,                             :
                                                    :    Case No.:  24-44217-jmm
                                    Debtor.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF PAUL RUBIN

Paul A. Rubin, hereby declares under penalty of perjury as follows:

1.      I am the member of Rubin LLC, which firm maintains an office for the practice of law at 11 Broadway, Suite 715, New York, NY 10004.  I am fully familiar with the facts set forth herein.

2.      I am admitted to practice before, among other courts, the courts of the state of New York and the United States District Court for the Southern, Eastern and Western Districts of New York and the United States Court of Appeals for the Second Circuit.

3.      I respectfully submit this Declaration in support of the *Fee Application of Paul Rubin, as Mediator* (the "Fee Application").[1]

4.      I believe that the Fee Application complies with Local Rule 2016-1 and the *Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Case* (the "Fee Guidelines").

5.      In connection with the certification required under the Fee Guidelines, I hereby certify the following:

(a)      I have read the Fee Application.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Fee Application.

(b)     To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines.

(c)     The fees and disbursements sought in the Fee Application are billed at rates customarily employed by Applicant and generally accepted by Applicant's clients.

(d)     In providing a reimbursable expense, Applicant does not make a profit on that expense, whether the service is performed by Applicant in-house or through a third party.

(e)     The Debtor and the United States Trustee have been provided, not later than 21 days after the end of each month, a statement of the fees and disbursements accrued during such month. Each statement of fees and disbursements contains a list of professionals and paraprofessionals providing such services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices.

(f)     The Debtor and the United States Trustee have been provided with a copy of the Fee Application at least 21 days before the date set by the Court for filing fee applications.

I declare under penalty of perjury under the laws of the United States of America, that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: New York, New York
        May 22, 2025

                                    /s/ *Paul A. Rubin*
                                    Paul A. Rubin

# EXHIBIT C
## (MEDIATION STIPULATION)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re

Willoughby Equities LLC,

Debtor.

Chapter 11

Case No. 24-44217-jmm

-------------------------------------------------------------X

## STIPULATION AND MEDIATION ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between Willoughby Equities LLC (the "Debtor") and Twist Realty LLC (the "Secured Creditor"), as follows.  The Debtor and the Secured Creditor is each a "Party" and together they are collectively referred to herein as the "Parties."

W I T N E S S E T H:

WHEREAS, there currently exist disputes between the Parties that are the subject of the above-captioned chapter 11 case of the Debtor; and

WHEREAS the Parties acknowledge that mediation is a collaborative process in which the participants (here, the Parties) work together with the aid of a neutral and impartial person (a mediator) to find a mutually acceptable negotiated resolution of their dispute; and

WHEREAS, the Parties desire to attempt to settle their dispute through non-binding mediation with the assistance of Paul Rubin as the mediator (the "Mediator").

NOW, THEREFORE, the Parties hereby mutually agree as follows:

1.  <u>The Court's Rules</u>.  The Parties acknowledge that they are bound to conduct this mediation in accordance with the terms of the Local Rules of the Bankruptcy Court (the "Local Rules"), any order of the Bankruptcy Court approving the terms of this Agreement (a "Mediation Order") and this Agreement.  To the extent of any conflict between this Agreement on one hand, and the Local Rules or a Mediation Order on the other, the terms of the Local Rules or Mediation Order shall govern.

2.  <u>Impartiality of the Mediator</u>.  The Parties acknowledge that the Mediator is impartial and cannot act as advocate, representative or counsel for either Party and has no authority to make binding decisions, impose settlements or require concessions by either Party, it being understood and agreed that any agreements which may be reached between the Parties as a result of the mediation process shall be embodied in a separate written agreement between the Parties prepared with the assistance of their respective counsel.  The Mediator has disclosed to the Parties that Rubin LLC, the firm of which he is the member, regularly represents the real estate advisor selected by the Debtor, Northgate Realty Group ("Northgate") regarding issues

related to its retention and compensation, and that in February 2025, before being contacted about serving as mediator, he did advise Northgate with respect to comments to its proposed retention order in this case that Debtor received from the Office of the United States Trustee. The Mediator has advised the Parties that Rubin LLC will no longer advise or represent Northgate with respect to the Debtor's case, but may continue to advise Northgate in matters unrelated to the Debtor's case. The Debtor and the Secured Creditor has each advised the Mediator that it does not object to this arrangement, and that it does not object to the Mediator communicating with Northgate during the course of the mediation on a confidential basis for its professional perspective regarding the Debtor's real property, including its value, condition, potential uses, and marketing efforts and potential transactions.

3. <u>Pre- and Post-Mediation Caucuses and Conferences</u>.  The Parties understand and agree that, in connection with the mediation process, the Mediator may meet in confidential caucus sessions separately with each Party.  The Mediator may, at the request of either Party or on his own initiative, conduct any conference pursuant to this Agreement by telephone, e-mail, text message or other means of communication, before or after a mediation session.

4. <u>Confidentiality, Immunity and Indemnification</u>.  To enable the Parties to discuss all aspects of their dispute freely and to enable the Mediator effectively to assist the Parties in reaching a voluntary resolution of their dispute, the Parties agree as follows:

(i)      All statements or other communications made in connection with the mediation conducted pursuant to this Agreement, whether made before, during or after a mediation session, shall be confidential and, unless otherwise independently admissible or discoverable, shall be inadmissible and/or privileged as settlement discussions to the extent provided by applicable law.  Any information or document presented in the mediation is to be deemed confidential. The Mediator will treat as confidential and refrain from disclosing any information conveyed to the Mediator during any private caucus unless the Party conveying such information authorizes the Mediator to disclose such information to the other Party. The exchange of information or making of communications in the mediation process shall not constitute a waiver of: (a) the attorney-client privilege, (b) attorney work-product privilege, (c) the status of information as confidential, and (d) the status of information as a trade secret.  No information exchanged or communication made in the mediation process shall constitute an admission for purposes of any applicable rule of evidence. The confidentiality provision set forth in this paragraph will survive termination of the mediation, whether by breach, mutual agreement of the Parties, settlement or otherwise.

(ii)     The Parties agree, on behalf of themselves and their attorneys, that none of them will call or subpoena the Mediator or the law firm in which he is a member in any legal, arbitral or administrative proceeding of any kind to produce any of his notes or documents relating to the mediation or to testify concerning any such notes or documents or his thoughts or impressions.  If any Party attempts to compel such testimony or production, such Party shall indemnify and hold the Mediator and his law firm harmless from, and reimburse the Mediator and his law firm for, any reasonable losses, liabilities, costs and expenses, including attorneys' fees and lost professional time, which he may suffer or incur in lawfully resisting such compulsion.

(iii)    The Mediator and his agents will have the same immunity as judges and arbitrators under federal or common law from suits for damages or equitable relief based on or concerning any action, statement, communication or omission concerning the mediation.

5.    <u>The Role of the Mediator</u>.  The Parties understand and agree that:

(i)    The Mediator's task is to facilitate negotiations of the Parties, not to decide the matter for them.

(ii)    The Mediator may use evaluative as well as facilitative techniques in conducting the mediation.  Thus, in the confidential caucus sessions with a Party, the Mediator may play an activist role as the "agent of reality" and express opinions as to alternative outcomes if he believes that such Party is not being realistic in making an objective cost/benefit or risk/reward analysis between a particular settlement proposal and the costs and uncertainties of the litigation (or arbitration) alternative.

(iii)    There is no attorney-client relationship between the Mediator and any Party to this Agreement, and each Party acknowledges that it will seek and rely on legal advice solely from its own counsel and not on any opinions that may be expressed by the Mediator. Any settlement agreement that may be reached with the assistance of counsel should be reviewed by each Parties' independent counsel.

6.    <u>Pre-Mediation Session Submissions</u>. The Mediator will review any documents and materials that a Party regards as relevant. The Parties will provide the Mediator a pre-mediation session submission, which may include a case summary and statement of position, at least ten days before the scheduled mediation session. At their option, the Parties may agree to exchange their mediation statements. The Mediator encourages the Parties to include in their respective mediation statements the legal basis and business rationale supporting their positions and to exchange their mediation statements. A Party may also provide the Mediator with a confidential submission addressed only to the Mediator provided that it is clearly designated as such.

7.    <u>Participation of Parties</u>.  The mediation session(s) will be attended in person or virtually by a representative of each of the Parties having authority to negotiate and settle all disputed amounts and issues, it being understood that any settlement agreement signed by the Debtor will be subject to approval of the Bankruptcy Court.  The Parties are encouraged to consult with the Mediator in advance of the mediation session to identify the most appropriate persons to attend the mediation session. To avoid any miscommunication or inconvenience, each party will email the Mediator (prubin@rubinlawllc.com) at least 7 days before the mediation is scheduled to begin to advise the mediator as to the name, telephone number and e-mail address of each person who will appear at the mediation session on its behalf together with disclosure of the individual's titles or other connections to the party named in the action.

8.    <u>Fees and Expenses</u>.  The fee for the Mediator's services hereunder shall be computed at the rate of $550 per hour for the time spent in connection with the mediation, including, but not limited to, pre-hearing consultations and preparation, review of submitted materials and related research, joint mediation and caucus sessions, and all post-mediation caucuses and telephone and other mediation communications, including mediating any disputes

as to a definitive settlement agreement.  Each of (i) the Debtor and (ii) the Secured Creditor will be responsible for paying one half (50%) of the fees and out-of-pocket expenses of the Mediator. The Mediator's expense for Westlaw use, if any, will be capped at $250. Within fifteen days after execution of this Agreement, Secured Creditor will advance or cause to be advanced the sum of $2,500 payable to Paul Rubin, (the "Advance Payment") toward compensation for the Mediator. Following conclusion of the mediation, the Mediator will send via email a detailed invoice showing his time charges and expenses incurred in connection with the mediation to counsel for the Parties, and payment of the Mediator's fees and expenses will be due within seven days of receipt, except the Mediator will seek compensation and reimbursement for the Debtor's share of the mediation fees and expenses upon application to the Court in accordance with 11 U.S.C. §§ 330 and 331, as required by this Court's Order entered on March 10, 2025 [ECF No. 38].

9.    Disposal of Documents from the Mediator.  At the conclusion of the mediation process, the Mediator may, in his discretion, destroy his notes and any materials submitted to him by either of the Parties.

10.    Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

11.    Authority to Execute.  Counsel for the Debtor will promptly seek approval of the Court of the terms of this Agreement and authorization for the Debtor to enter into this Agreement.  The individual(s) signing below, by affixing his or her signature hereto, represents that he or she has authority to execute this agreement on behalf of the Party on behalf of whom he or she is signing this Agreement.

IN WITNESS WHEREOF, the undersigned acknowledge that they have read, understood and agree with all matters stated in this Stipulation and Mediation Order as of March 24, 2025.

WILLOUGHBY EQUITIES LLC:

By: /s/ Eric Snyder, Esq.
      Eric Snyder

TWIST REALTY LLC

By: /s/ Alex Tsionis, Esq.
      Alex Tsionis

Agreed:

  /s/ Paul Rubin, Esq.
    Mediator



Dated: April 10, 2025
     Brooklyn, New York

**Jil Mazer-Marino**
**United States Bankruptcy Judge**

**EXHIBIT D**
**(TIME RECORDS)**

# Rubin LLC

# INVOICE

11 Broadway, Suite 715
New York, NY 10004
Phone: (212) 390-8054

Invoice # 103
Date: 05/19/2025

Willoughby Equities
c/o Eric Snyder
Wilk Auslander
825 8th Avenue, 29th Floor
New York, NY 10019

Twist Realty
c/o Avrum Rosen and Alex Tsionis
Rosen, Tsionis & Pizzo, PLLC
38 New Street
Huntington, NY 11743
, Idaho

## Willoughby Equities Mediation

## 2504

### Professional Services

| Date | Attorney | | Hours | Rate | Total |
|------|----------|--|-------|------|-------|
| 04/01/2025 | PR | Telephone conference with A. Tsionis re disclosure statement and plan his client filed and his client's overall position (.1); telephone conference with E. Snyder re upcoming hearing on disclosure statement (.1) | 0.20 | $550.00 | $110.00 |
| 04/02/2025 | PR | Telephone conference with A. Tsionis re background, results his client would like to achieve, and timing of disclosure statement briefing and hearing (.1); telephone conference with Snyder re same (.1) | 0.20 | $550.00 | $110.00 |
| 04/04/2025 | PR | Telephone conference with | 0.60 | $550.00 | $330.00 |

| | | Tsionis re timing of mediation and disclosure statement hearing (.2); telephone conference with Snyder re need for Debtor to make adequate protection payments (.1); telephone conference with Tsionis re his client's position re upcoming hearing and a potential sale (.1); email to Tsionis and A. Rosen providing mediator perspective on litigating while mediation is taking place and adjournment issue (.2) | | | |
|---|---|---|---|---|---|
| 04/07/2025 | PR | Telephone conference with E. Snyder re my call with A. Tsionis on Friday, and hearing alternatives that the Debtor is considering | 0.10 | $550.00 | $55.00 |
| 04/09/2025 | PR | Email to Snyder inquiring about plan provisions concerning pending appeal (.1); review and respond to email from Snyder as to latest communication from Secured Lender's counsel (.2) | 0.30 | $550.00 | $165.00 |
| 04/11/2025 | PR | Telephone conference with E. Snyder re timing of mediation | 0.20 | $550.00 | $110.00 |
| 04/15/2025 | PR | Telephone call with A. Tsionis and A. Rosen re timing of mediation and whether/why they would proceed with hearing tomorrow (.2); telephone conference with Snyder re same (.1); review email re stalking horse offer (.1) | 0.40 | $550.00 | $220.00 |
| 04/16/2025 | PR | Telephone call from E. Snyder re results of hearing and Debtor's position (.1); emails with parties to confirm scheduling of mediation of session and deadline for submission of mediation statements (.2) | 0.30 | $550.00 | $165.00 |
| 04/17/2025 | PR | Review Twist disclosure | 0.80 | $550.00 | $440.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | statement (.5); review papers filed by Debtor opposing summary judgment in state court action (.2); review state court decision on summary judgment (.1) | | | |
| 04/21/2025 | PR | Telephone conference with Snyder re his request to see Twist's mediation statement (.1); exchange emails with A. Tsionis confirming ability to share his client's mediation statement with Debtor (.1); review Twist mediation statement (but not exhibits) (.2) | 0.40 | $550.00 | $220.00 |
| 04/22/2025 | PR | Review and respond to emails exchanged between the parties related to identity of insiders (.2); review Debtor's mediation statement and prepare notes re same (.2) | 0.40 | $550.00 | $220.00 |
| 04/27/2025 | PR | Review various state court pleadings, amended plan and other bankruptcy documents, and prepare questions for each side for mediation (3.0); review emails exchanged between counsel for parties (.1) | 3.10 | $550.00 | $1,705.00 |
| 04/28/2025 | PR | Participate in mediation session (6.5); telephone conference with Snyder following mediation session (.1) | 6.60 | $550.00 | $3,630.00 |
| 04/29/2025 | PR | Telephone call from Snyder re his client's position (.1); email to parties re need to reschedule follow up from yesterday (.1); second call with Snyder re whether his client may provide increased offer (.1) | 0.30 | $550.00 | $165.00 |
| 04/30/2025 | PR | Review email from Snyder enclosing new subpoena (.1); review email from Tsionis re same(.1); conference call with | 0.80 | $550.00 | $440.00 |

| | | Rosen and Tsionis discussing subpoena, Twists position on settlement, and related issues (.3); telephone conference with Snydr re his client's position (.3) | | | |
|---|---|---|---|---|---|
| 05/05/2025 | PR | Work on devising settlement parameters, and email proposal to parties (.7); review email from Tsionis asking for clarification of mediator's proposal (.1); analysis re same (.1) | 0.90 | $550.00 | $495.00 |
| 05/06/2025 | PR | Email to parties with clarification re mediator's proposal (.1) | 0.10 | $550.00 | $55.00 |
| 05/07/2025 | PR | Telephone conference with Tsionis re his client's position on mediator's proposal (.1) | 0.10 | $550.00 | $55.00 |
| 05/09/2025 | PR | Telephone calls with Snyder inquiring re his client's position (.2); review and respond to email from Tsionis re same (.1) | 0.30 | $550.00 | $165.00 |
| 05/12/2025 | PR | Exchange text messages with E. Snyder re mediator's proposal (.1) | 0.10 | $550.00 | $55.00 |
| 05/13/2025 | PR | Review and respond to inquiry from A. Tsionis (.1); telephone conference with E. Snyder re his client's position on settlement (.1) | 0.20 | $550.00 | $110.00 |
| 05/14/2025 | PR | Review supplemental objection filed by Debtor today (.1); review email from A. Rosen re same (.1); telephone conference with A. Tsionis re same (.1); review email from E. Snyder forwarding comments from his client (.1); telephone call from Snyder re his client's comments (.1); email response to Snyder (.1); draft mediator's report (.5) | 1.10 | $550.00 | $605.00 |

| | | | | **Services Subtotal** | **$9,625.00** |
|---|---|---|---|---|---|

**Expenses**

| Date | Total |
|---|---:|
| 05/16/2025  PACER Expense: April and May charges | $29.40 |
| **Expenses Subtotal** | **$29.40** |

| Time Keeper | Hours | Rate | Total |
|---|---:|---:|---:|
| Paul Rubin | 17.5 | $550.00 | $9,625.00 |
| | | **Subtotal** | **$9,654.40** |
| | | **Total** | **$9,654.40** |
| | | **Payment (04/24/2025)** (From Twist Realty) | **-$2,500.00** |
| | | **Balance Owing** | **$7,154.40** |

# Detailed Statement of Account

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---:|---:|---:|
| 103 | 05/19/2025 | $9,654.40 | $2,500.00 | $7,154.40 |
| | | | **Outstanding Balance** | **$7,154.40** |
| | | | **Total Amount Outstanding** | **$7,154.40** |

Payment is due upon receipt.

Please pay your respective amounts due:

|  |  |
|---|---|
| Willoughby Equities | $4,827.20 |
| Twist Realty | $2,327.20 |

# Remittance Advice

## Checking Information

**Remit checks to:**  Rubin LLC
11 Broadway, Suite 715
New York, NY  10004

## Wire Transfer Information

**Bank Name/Address:**

**Bank ABA/Routing #:**

**Name/Account #:**

**SWIFT:**